IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD LEVENTHAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 4614 |
| ) | |
| GENE BYRON SCHENBERG, ) | |
| RICHARD F. HUCK, III, ) | |
| MICHAEL J. McKITRICK, ) | |
| DANNA McKITRICK, PC, ) | |
| NETSECURE TECHNOLOGIES, LTD., ) | |
| and DANIEL McCANN, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On January 17, 2013, this court entered a memorandum opinion and order granting Defendants' motion to dismiss and terminating plaintiff Howard Leventhal's ("Leventhal") lawsuit. (Dkt. No. 156.) Leventhal now argues in "Plaintiff's Motion to Alter or Amend Judgment Under FRCP Rule 59" (Dkt. No. 159) that the court's January 17, 2013 order should be vacated, on the grounds that Defendants' motion to dismiss was never properly before the court. Additionally, defendants Gene Byron Schenberg ("Schenberg"), Richard F. Huck, III ("Huck"), and Michael J. McKitrick ("McKitrick") seek "a supplemental order and judgment cancelling multiple invalid *lis pendens* notices wrongfully filed by Plaintiff" with respect to this lawsuit. (Dkt. No. 157 ("Defs.' Mot.") at 1.) For the reasons set forth below, Leventhal's motion is denied and Defendants' motion is granted in part and denied in part. The court finds that the notices of *lis pendens* filed in this lawsuit (Dkt. Nos. 24, 66, 66-1, 75 (amended), 75-2

1

(amended)) are invalid as a matter of law and have no legal force or effect. The court, however, denies the further additional relief requested by Defendants.

ANALYSIS

1. Local Rule 83.15

Leventhal contends that because Defendants' attorney of record is a "nonresident attorney" who failed to designate local counsel in accordance with Local Rule 83.15, Defendants' motion to dismiss was never properly before the court, and the court's January 17, 2013 order must be vacated.

Local Rule 83.15 requires all nonresident attorneys to designate as local counsel "a member of the bar of this Court having an office within this District." N.D. Ill. Local R. 83.15(a). Once designated, local counsel must file an appearance in the case and accept service of notices, pleadings, and other documents on behalf of the nonresident attorney. N.D. Ill. Local R. 83.15(a) and (c). If a nonresident attorney fails to designate local counsel within thirty days of filing documents with the court, "the documents filed by the attorney may be stricken by the court." N.D. Ill. Local R. 83.15(b). On the other hand, local counsel is not required to handle any substantive aspects of the litigation, and Local Rule 83.15 explicitly authorizes the nonresident attorney to argue substantively before the court once he or she has been admitted *pro hac vice* pursuant to Local Rule 83.14. N.D. Ill. Local R. 83.15(c).

"District courts have broad discretion to enforce and require strict compliance with their local rules." *Benuzzi v. Bd. of Educ. of City of Chicago*, 647 F.3d 652, 655 (7th Cir. 2011). This means that district courts are also entitled to exercise their discretion "in a more lenient direction." *Modrowski v. Pigatto*, ___ F.3d ___, 2013 WL 1395696, at *3 (7th Cir. Apr. 8, 2013). Litigants in a particular lawsuit "have no right to demand strict enforcement of local rules

by district judges." *Id.* In this case, for the reasons set forth below, the court declines to retroactively enforce the local counsel requirement of Local Rule 83.15.

Defendant Huck is an attorney who practices with the St. Louis law firm Danna McKitrick, P.C. ("Danna McKitrick"). (*See* Dkt. No. 10.) On August 10, 2011, Huck filed a motion for leave to appear *pro hac vice* on behalf of the only three defendants then in the case—Schenberg, NetSecure Technologies Ltd., and Daniel McCann. (Dkt. No. 10.) Huck's motion was granted on August 16, 2011. (Dkt. No. 13.) That same day, Leventhal filed a "Motion for [sic] Deny Huck's Pro Hac Vice Application" (Dkt. No. 17; *see also* Dkt. No. 29 (corrected entry).) District Judge Elaine E. Bucklo, who was then presiding over the case, ruled on August 19, 2011 that Leventhal's motion was moot. (Dkt. No. 28.) Judge Bucklo also noted in the corresponding docket entry that "plaintiff is unlikely to have to deal with Huck on a continuing basis because out of state counsel is required to obtain local counsel within 30 days." (*Id.*)

Three months later, on November 29, 2011, Leventhal filed a "Motion to Disqualify and Strike Under LR 83.15, and for Disciplinary Action Under LR83.28." (Dkt. No. 60.) Judge Bucklo continued Leventhal's motion and gave Huck "until 12/9/11 to designate a local counsel." (Dkt. No. 63.) On December 7, 2011, Leventhal filed a First Amended Complaint adding claims against Huck, McKitrick (also an attorney with Danna McKitrick), Danna McKitrick,[1] and Patrick G. Somers, who was serving as Schenberg's and Huck's local counsel in a separate adversary proceeding pending in Leventhal's bankruptcy case before Bankruptcy Judge A. Benjamin Goldgar. (Dkt. No. 65.) On December 12, 2011, the case before Judge Bucklo was reassigned to this court pursuant to 28 U.S.C. § 294(b). (Dkt. No. 71.)

---

[1] Huck filed an additional appearance on behalf of himself, McKitrick, and Danna McKitrick on December 29, 2011. (Dkt. No. 81.)

Before the first scheduled status hearing with this court, Leventhal filed a "SUPPLEMENTAL Motion to Disqualify and Strike Under LR 83.15, for Disciplinary Action Under LR 83.28 and for Adjudication of Contempt Sanctions," (Dkt. No. 84), and Defendants filed a "Motion to Waive Requirements of Local Rule 83.15" (Dkt. No. 89). Defendants argued that they had attempted to engage local counsel, but the attorneys they spoke with "declined to serve as local counsel due to concerns that Leventhal will sue them and cause them to suffer needless expense and interference with their law practices." (*Id.* ¶ 6.) At the status hearing on January 19, 2012, this court encouraged Defendants to try to engage local counsel and terminated all motions related to Local Rule 83.15 as moot. (Dkt. No. 93.) The court did not explicitly waive the requirements of Local Rule 83.15 at that time, but the court also did not set a date certain for Defendants to obtain the services of local counsel.

Leventhal filed a Second Amended Complaint on February 9, 2012, and Defendants filed their motion to dismiss in response. (Dkt. Nos. 94, 97.) Although Leventhal continued to object to Defendants' lack of local counsel in various filings before the court, (*see* Dkt. Nos. 123, 152), these objections were never properly before the court for ruling. The court ultimately granted Defendants' motion to dismiss without explicitly waiving the local counsel requirement of Local Rule 83.15 and without addressing Leventhal's arguments on this point. (Dkt. No. 156.) The case was then closed on January 17, 2013. (*Id.*) On April 17, 2013, in response to Leventhal's pending motion to vacate the court's January 17, 2013 order, attorney Sami Azhari filed an appearance as local counsel on behalf of Defendants in this closed case. (Dkt. No. 165.)

Local Rule 83.15 permits the court to strike documents filed by a nonresident attorney who has failed to timely designate local counsel, but does not require the court to do so. *See* N.D. Ill. Local R. 83.15(b) ("the documents filed by the attorney *may* be stricken by the court")

(emphasis added). Moreover, even if Local Rule 83.15 did require this result, the court has discretion to strictly enforce the Local Rules or relax them as required by the unique circumstances of each case. This court was therefore permitted to grant Defendants a *de facto* extension of time to engage the services of local counsel, in light of the obvious difficulties created by Leventhal's additional claims against Schenberg's various attorneys. *Accord Leventhal v. Schenberg*, 484 B.R. 731, 735 (N.D. Ill. 2012) (Conlon, J.) ("The court was not required to strike Schenberg's documents from the record instead of granting an extension of time to comply with the local rules."). Leventhal has not demonstrated any prejudice resulting from this extension of time during the briefing of Defendants' motion to dismiss, and the court is not aware of any resulting injustice. The court therefore declines to retroactively enforce the local counsel requirement of Local Rule 83.15 and denies Leventhal's motion to vacate the January 17, 2013 ruling.

2. *Lis Pendens* Notices

Leventhal also filed various "Verified Notice[s] of Lis Pendens" with the Clerk of Court for the Northern District of Illinois and with the Recorder of Deeds for St. Louis County, Missouri during the time this lawsuit was pending. The first notice was filed against Schenberg's residence at 402 Country Oak Drive in St. Louis County, Missouri, (Dkt. No. 24), the second notice was filed against Huck's residence at 9801 Countryshire Place in St. Louis County, Missouri, (Dkt. Nos. 66, 75 (amended)), and the third notice was filed against McKitrick's residence at 10387 Badgley Drive in St. Louis County, Missouri, (Dkt. Nos. 66-1, 75-2 (amended)). Schenberg, Huck, and McKitrick have requested that this court issue a further order "declaring the *lis pendens* notices invalid and cancelling them." (Defs.' Mot. at 8.) Defendants' request is granted in part and denied in part.

The purpose of a notice of *lis pendens* is to "warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." Black's Law Dictionary 942-43 (7th ed. 1999). Under Missouri law—the law of the state in which Defendants' real property is located—the notices of *lis pendens* automatically lose their legal effect upon termination of the underlying litigation. *See Neal v. Girdner*, 725 S.W.2d 924, 926 (Mo. Ct. App. 1987) ("Upon the termination of the suit to which the notice of *lis pendens* referred, the notice lost all legal force and vitality and became, in the Latin phrase, *functus officio*."). Although this court's January 17, 2013 ruling terminated Leventhal's civil case in the district court, termination of the underlying litigation is not complete "until the time for appeal has expired or appellate review is complete." *State ex rel. Bannister v. Goldman*, 265 S.W.3d 280, 284 (Mo. Ct. App. 2008). Accordingly, Defendants' motion to cancel the notices of *lis pendens* cannot be dismissed as moot.

The court agrees with Defendants, however, that the notices of *lis pendens* are invalid and do not have any legal force under Missouri law. Section 527.260 provides that "[i]n any civil action, based on any equitable right, claim or lien, affecting or designed to affect real estate" the plaintiff shall file "a written notice of the pendency of the suit" with the recorder of deeds of the county in which the real estate is situated. Mo. Ann. Stat. § 527.260 (West 2013). In this case, the relief sought by Leventhal was not designed to affect "any equitable right, claim or lien" to any of the real property described in the notices of *lis pendens*. Mo. Ann. Stat. § 527.260 (West 2013); *see also Birdsong v. Bydalek*, 953 S.W.2d 103, 113-14 (Mo. App. Ct. 1997) ("Recording a notice of *lis pendens* is authorized by § 527.260 in a civil suit making equitable claims involving real estate."). Rather, Leventhal sought monetary damages, attorneys' fees, costs, and the issuance of an injunction prohibiting "further malicious prosecution . . . unfair competition

6

. . . abuse of process . . . [and] copyright infringement." (2d Am. Compl. ¶¶ 42, 45, 49, 54, 58, 61-62.) In Defendants' words, "Leventhal's Second Amended Complaint lacks any claim for equitable relief concerning or claiming an interest in the homes of Schenberg, Huck, or McKitrick." (Defs.' Mot. ¶ 11(A).) By filing the notices of *lis pendens* under these circumstances, Leventhal improperly sought "a judgment lien to assure any monetary damages which may be ultimately awarded are paid." *Helmsley-Spear of Texas, Inc. v. Blanton*, 699 S.W.3d 643, 645 (Tex. App. 1985). This type of lien "affects real property collaterally, not directly," and does not come within the *lis pendens* provisions of § 527.260. *Id.* (applying analogous Texas law). Accordingly, the notices of *lis pendens* are void. *Id.* Unfortunately for Defendants, however, "Section 527.260 contains no provision for cancellation." *State ex rel. Shannon v. Crouch*, 645 S.W.3d 204, 204-05 (Mo. App. Ct. 1983). The court therefore denies Defendants' request that this court issue an order cancelling the notices of *lis pendens*, while noting its finding that the notices are void as a matter of law.

3. <u>Rule 11 Sanctions</u>

Finally, the court addresses Defendants' "further request" asking the court to "enter an order, pursuant to Federal Rule of Civil Procedure 11(c)(3), requiring Leventhal to show cause why Leventhal's conduct in connection with the filing, and continued litigation of this case, does not violate Federal Rule of Civil Procedure (11)(b)(1)." (Defs.' Mot. at 1.) Defendants' request is denied as procedurally improper.

Defendants have not filed a "motion for sanctions" under Rule 11(c)(2), which explicitly requires that a motion for sanctions "be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Defendants' request for a Rule 11 show cause order was instead embedded in the "Motion of Defendants Schenberg, Huck, and McKitrick to Alter or Amend Judgment and/or for

Entry of a Supplemental Order Cancelling Invalid *Lis Pendens*." (Defs.' Mot.) The court further concludes that Defendants' request is not a motion for sanctions, because Defendants do not seek any specific sanctions against Leventhal.

Defendants instead seek to prod the court into taking action "[o]n its own" initiative under Rule 11(c)(3). The court declines Defendants' request as an improper attempt to file a motion for sanctions by a different name.

## CONCLUSION

For the reasons set forth above, "Plaintiff's Motion to Alter or Amend Judgment Under FRCP Rule 59" (Dkt. No. 159) is denied and the "Motion of Defendants Schenberg, Huck, and McKitrick to Alter or Amend Judgment and/or for Entry of a Supplemental Order Cancelling Invalid *Lis Pendens*" (Dkt. No. 157) is granted in part and denied in part. The court finds that the notices of *lis pendens* filed in this lawsuit (Dkt. Nos. 24, 66, 66-1, 75 (amended), 75-2 (amended)) are invalid as a matter of law and have no legal force or effect. The court, however, denies the further additional relief requested by Defendants.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: April 29, 2013